Pee Cueiam:
This case was referred to Trial Commissioner William E. Day, with directions to make findings of fact and recommendation for conclusions of law. The commissioner has done so in an opinion and report filed on September 15, 1966. Plaintiff has filed no exceptions to or brief on this report and the time for so filing pursuant to the Pules of the court has expired. On October 21, 1966, defendant filed a motion, that the court adopt the commissioner’s opinion and recommended conclusion of law and dismiss plaintiff’s petition, to which the plaintiff has filed no opposition or response. Since the court agrees with the trial commissioner’s findings, opinion and recommendation *1071 for conclusion of law, as hereinafter set forth, it hereby adopts the same as the basis for its judgment in this case without oral argument. Plaintiff is, therefore, not entitled to recover and the petition is dismissed.
OPINION OE COMMISSIONER*
Day, Commissioner: The question raised in this suit is whether a Navy enlisted man who had been placed on the temporary disability retired list with a rating of 30 percent according to the Veterans Administration schedule of rating disabilities and thereafter re-examined within the five-year statutory period and found to have the same disabling condition (defective hearing) but with a lowered rating of 20 percent according to the Veterans Administration schedule, is entitled only to the severance pay which he did receive or retirement benefits for which he sues. The Veterans Administration rating for this condition in the meantime had been reduced on the rating schedule from 30 percent to 20 percent.
The answer to this question involves a construction of 70A Stat. 9'5-96, XJ.S.C. §§1210 (a), (b), and (e) of Title 10.[1]
Plaintiff enlisted in the United States Navy in 1939, and, with the exception of brief intervals between enlistments, he *1072 continued to serve in the Regular Navy until October 31, 1954, when he was released from active duty. On September 21, 1954, a physical evaluation board recommended that plaintiff be found unfit to perform the duties of his rate by reason of physical disability incurred while entitled to receive basic pay. This disability was diagnosed as deafness, a 30 percent disability under the schedule of rating disabilities then in use by the Veterans Administration. The Board also recognized that the disability could be permanent.
On review, these findings were approved and on November 1, 1954, pursuant to 63 Stat. 816 (now 10 U.S.C. § 1202) plaintiff was transferred to the temporary disability retired list. Under 63 Stat. 816-21 (now 10 U.S.C. § 1210) a person on that list is given periodic examinations over a five-year period, at which time a final determination of the individual’s status is made. Plaintiff underwent several examinations from 1954 to 1958 but his condition remained unchanged. On October 7, 1958, a physical evaluation board diagnosed plaintiff’s condition as deafness considered to be of a permanent nature. However, between this date and September 21,1954, the date when the deafness was first diagnosed, the Veterans Administration had changed its schedule for rating disabilities with the result that the rating for plaintiff’s deafness was lowered from 30 percent to 20 percent.
Plaintiff’s appeal of this rating was to no avail and on December 15, 1958, he was honorably discharged from the Navy with a lump-sum severance payment under 70A Stat. 92-93, 96, 10 U.S.C. §§ 1203, 1210(e). On April 29, 1960, plaintiff requested the Board for Correction of Naval Records to correct his Naval records to show that he had been retired from the U.S. Navy on December 15, 1958, rather than discharged with severance pay, and that he should be assigned a disability rating of at least 30 percent. The Board ruled that plaintiff’s petition was premature because he had failed to exhaust his administrative remedies. Plaintiff then applied to the Secretary of the Navy to review the Physical Review Council’s action of November 7, 1958, asking that his disability rating be increased. On September 1,1960, the Physical Review Council recommended that *1073 plaintiff’s petition be denied; the Judge Advocate General of the Navy, acting for the Secretary of the Navy, approved this recommendation in a decision dated November 15,1960.
Plaintiff thereupon filed another petition with the Board for Correction of Naval Eecords, again asking that he be assigned a 30 percent disability rating and be placed on the retired list in lieu of his discharge. Pursuant to a request by the Chairman, Board for Correction of Naval Eecords, the Chief, Bureau of Medicine and Surgery, filed an advisory opinion on March 21, 1962, stating that the Veterans Administration’s disability rating was correct and recommending that plaintiff’s claim be denied. Accordingly, by a letter dated May 22, 1962, plaintiff was advised by the Board for Correction of Naval Eecords that in the absence of additional material evidence, no further action on plaintiff’s application was contemplated.
After an audiometric examination conducted by the Veterans Administration on August 1, 1962 resulted in plaintiff’s disability rating being raised to 40 percent, plaintiff requested the Board for Correction of Naval Eecords on December 10, 1962, to reopen his case. On December 13, 1962, plaintiff was again advised by the Board that no further action in his case was contemplated. Plaintiff then filed a petition in this court. His contention is that his disability should be rated in accordance with the rating schedule in effect when he was placed on the temporary disability retired list in 1954, rather than that in effect at the time of the final determination in 1958. But a simple reading of 70A Stat. 95-96 and its predecessor, §§ 402 and 403 of the Career Compensation Act of 1949, 63 Stat. 802, 816-21, refutes plaintiff’s position.
70A Stat. 96, 10 U.S.C. § 1210(e), states that if, as a result of a physical examination during the five-year period a person is on the temporary disability retired list, “it is determined that the member’s physical disability is less them SO 'percent under the standard schedule of rating disabilities in use by the Veterans' Administration at the time of the determination,” [Emphasis added.] this person may be separated from his armed force with severance pay. Clearly the statute speaks to the ratings in effect at the time of the *1074 final examination, rather than when the disability is first diagnosed. Any possible doubt is further dispelled by the prior version of 70A Stat. 95-96, 10 U.S.C. §1210. The provisions contained in the present statute were first enacted in § 402 (b) of the Career Compensation Act of 1949, sufra. That section specifically provided that a person who was on the temporary disability retired list could be separated if his disability was less than 30 percent “in accordance with the standard schedule of rating disabilities in current use by the Veterans’ Administration.” [Emphasis added.] The words “at the time of determination,” were substituted for the words “in current use,” in the general legislative overhaul of military law of 70A Stat. 1 in 1956. The legislative history of that statute makes it abundantly clear that any changes in the wording of a section were made for stylistic purposes only and not with any intent of changing the substantive law. H.E. Eep. to accompany H.E. 7049, 84th Cong. 2d Sess. 3 U.S. Code Cong. & Adm. News, 4613, 4620 (1956); Hearings Before Bub-0ommittee on Judiciary on H.B. 7049, 84th Cong. 2d Sess. at 5-7, 15-16 (1956).
Finally, it would make no sense to construe 70A Stat. 95-96, 10 U.S.C. § 1210, so as to freeze the disability rating of a person on the temporary disability retired list for the five-year period. The standard schedule of ratings for disabilities promulgated by the Veterans Administration is nothing more than a compilation of averages, an attempt to gauge just what effect a service-incurred disability will have upon civilian earning capacity. As such, it may be expected that percentages there shown will be revised from time to time. Exec. Order No. 6157, June 6, 1933, Veterans Administration Eegulation No. 3(a), par. I. To require these ratings to be fixed over a five-year period rather than remain fluid would be to limit seriously their effectiveness. Plaintiff may think it unfair that he has suffered a loss from a periodic change in the ratings, but it is a loss for which he has no redress at law. The rulings of the Board for Correction of Naval Eecords here under attack are found to be legally correct. Plaintiff’s petition should be dismissed.
*1075 Findings oe Fact[1]
1. Plaintiff enlisted in the United States Navy on June 14, 1939, and, except for brief intervals between enlistments, continued to serve in the Regular Navy until October 31, 1954, when he was released from active duty.
2. A physical evaluation board, convened on September 21, 1954, recommended that plaintiff be found unfit to perform the duties of his rate by reason of physical disability incurred while entitled to receive basic pay. The disability was diagnosed as “Deafness, n.e.c., bilateral, perceptive, cause unknown, #3999.” The board considered plaintiff’s disability to be “30 per centum in accordance with the standard schedule of rating disabilities in current use by the Veterans Administration, Code Number 6263.” The board further found that plaintiff’s disability “may be of a permanent nature.”
3. Under date of September 24, 1954, plaintiff acknowledged receipt of a copy of the record of proceedings of the physical evaluation board, and advised that he did not desire to submit a statement in rebuttal.
4. Under date of September 28,1954, the Physical Review Council concurred in the recommended findings of the physical evaluation board. The actions of the physical evaluation board and the Physical Review Council were approved on October 1, 1954, by the Judge Advocate General acting for the Secretary of the Navy.
5. Effective November 1,1954, plaintiff was transferred to the temporary disability retired list, in the rate of chief engineman, in conformity with the provisions of section 402 of the Career Compensation Act of 1949, 37 U.S.C. 272, by reason of a physical disability rated at 30 percent disabling, in accordance with the Veterans Administration schedule for rating disabilities, VA Code No. 6263.
6. Plaintiff was examined by the Veterans Administration on May 20,1955, and rated June 27,1955, in part as follows:
6263 1. Incurred PL 28/82, VRla, Pt I, Par 1 (a) 30% from 11-1-54 IMPAIRED HEARING AD *1076 JUSTED SPEECH RECEPTION LOSS 46 left, 36 right.
7. Plaintiff underwent a periodic physical examination during the period April 2-4, 1956. His condition was found by the Navy to be unchanged and plaintiff remained on the temporary disability retired list with a 30 percent disability rating.
8. On August 26,1958, plaintiff appeared before a medical board at the U.S. Naval Hospital, Great Lakes, Illinois, which found that plaintiff’s physical condition was unchanged and recommended that plaintiff appear before a physical evaluation board.
9. A physical evaluation board convened on October 7, 1958.' Plaintiff waived his right to be present at the hearing but was represented by counsel. The physical evaluation board diagnosed plaintiff’s condition as “Deafness, n.e.c., bilateral, perceptive, cause unknown, #3999.” The' disability was rated at 20 percent in accordance with Veterans Administration Code Number 6292,[2] Column C, Row C, of the 1957 Edition of the Veterans Administration schedule for rating disabilities. Plaintiff’s disability was considered to be of a permanent nature.
10. Under date of October 10, 1958, plaintiff submitted a rebuttal to the recommended findings of the physical evaluation board.
11. The Physical Review Council, by action dated November 7, 1958, concurred in the recommended findings of the physical evaluation board. The Physical Review Council thereupon advised the Secretary of the Navy that upon his approval of the recommended findings of the physical evaluation board, plaintiff would be removed from the temporary disability retired list and separated from the Naval service with severance pay.
12. By letter dated November 7,1958, the Physical Review Council advised plaintiff as follows:
This is in reply to your letter of 10 October 1958, addressed to the Senior Member, Physical Evaluation *1077 Board, Ninth Naval District, concerning the drop in jour disability percentage rating from 30% to 20%.
In 1957 the Veterans Administration reprinted the Schedule for Rating Disabilities. One of the changes incorporated in this reprinting was a revised rating for deafness. Therefore, under the terms of the VA Schedule for Rating Disabilities currently in use, your disability is now properly rated at 20%.
13. The findings of the physical evaluation board, as concurred in by the Physical Review Council, were approved on November 17, 1958, by the Judge Advocate General acting for the Secretary of the Navy. •
14. On November 18, 1958, the Judge Advocate General, by direction of the Secretary of the Navy, directed that plaintiff be removed from the temporary disability retired list and be separated from the Naval service by reason of physical disability in conformity with the provisions of 10 U.S.C. § 1210.
15. Effective December 15, 1958, plaintiff was honorably discharged from the Navy with a lump-sum severance payment in the amount of $8,160.
16. A Veterans Administration rating dated October 28, 1959, based upon an examination of the plaintiff on April 14, 1959, was, in pertinent part, as follows: “1. SC INC KC, 38 USC 310. 30% from 11-1-54 to 4-13-59, 6292-398, 20% from A-14-59, DEFECTIVE HEARING BILATERAL.”
17. By application dated April 29, 1960, plaintiff requested the Board for Correction of Naval Records to correct his naval record to show that he was retired from the U.S. Navy on December 15, 1958, rather than discharged with severance pay, and that he be assigned a disability rating of at least 30 percent or more. By letter dated May 9,
1960, the Board for Correction of Naval Records advised plaintiff that his petition was premature because he had failed to exhaust his administrative remedies.
18. The Veterans Administration, by rating decision dated May 12, 1960, reviewed and continued its 20 percent rating for plaintiff’s disability which had been assigned on October 28, 1959, supra.
19. By letter dated July 26, 1960, plaintiff applied to the Secretary of the Navy to review the Physical Review Coun- *1078 oil’s action of November 7, 1958, with a view to increasing his disability rating.
20. The Physical Review Council, by endorsement to plaintiff’s letter of July 26,1960, recommended to the Secretary of the Navy, under date of September 1, 1960, that plaintiff’s petition be denied. The Physical Review Council stated, in pertinent part, as follows:
2. Party alleges that since there has been no change in his disability, it was error to reduce the rating of his disability from 30% to 20%. The reduction in rating was occasioned by a change in the VA Schedule for Rating Disabilities. At the time party’s name was placed on the Temporary Disability Retired List, the VA Schedule provided a 30% rating for his condition. However, at the time of final action, the VA schedule having been changed in the interim, a 20% rating was the proper one to be applied.
21. By letter dated November 16, 1960, plaintiff was furnished a copy of a decision of the Judge Advocate General of the Navy, acting for the Secretary of the Navy, approving the recommendation of the Physical Review Council that plaintiff’s petition be denied. This decision, dated November 15, 1960, stated as follows:
1. Petitioner was placed on the Temporary Disability Retired List on 1 November 1954 with a disability rating of 30% for deafness. After re-evaluation proceedings conducted on October 7, 1958, his disability rating was reduced to 20%. As a result thereof, his name was removed from the TDRL and he was discharged from the service with severance pay.
2. In a letter addressed to the Secretary of the Navy and dated July 26, 1960, NOLTE made a request that his case be reviewed with a view to increasing his disability rating. His request was accompanied by evidence that, (1) the reduction of his disability rating from 30 to 20 percent was not accompanied by a change in his physical condition, (2) since his discharge from the naval service, he has been unable to qualify physically for certain types of employment, and (3) the results of an examination conducted by Dr. C. A. Noe of Cedar Rapids, Iowa, on January 2, 1959, indicates *1079 that bis deafness has increased in degree from that reported at the time of final action in his case.
3. The Physical Eeview Council construed NOLTE’s letter as a petition for relief from final action and recommended that relief be denied. The Council noted that the reduction in disability rating was occasioned by a change in the Schedule for Eating Disabilities and considered the rating assigned at the time of final action to have been proper.
4. A final disability rating of twenty percent was properly assigned in petitioner’s case unless, as a matter of law, he had the right to have his disability rated in accordance with the provisions of the rating schedule in effect at the time his name was placed on the TDEL. His name was placed on and removed from the TDEL by authority of the Career Compensation Act of 1949. The provisions of this act are codified in Title 10, United States Code and are hereafter set forth in part:
“(a) 10 USC 1210(a) ‘A physical examination shall be given at least once every 18 months to each member of the armed forces whose name is on the temporary disability retired list to determine whether or not there has been a change in the disability for which he was temporarily retired * * *’
“(b) 10 USC 1210(e) ‘If, as a result of a periodic examination under subsection (a), * * * it is determined that the member’s physical disability is less than 30 percent under the standard schedule of rating disabilities in use by the Veterans Administration at the time of the determination * * * he may be separated under sections 1203 or 1206 of this Title, whichever applies.’ ” [Emphasis supplied]
At the time Congress enacted the foregoing provisions, Veterans Eegulation No. 3(a) Schedule for Eating Disabilities, approved by the President, June 6,1933, provided in part that, ‘The Administrator of Veterans Affairs shall from time to time readjust this schedule of ratings in accordance with experience’. It is clear that the Congress, at the time of its enactment of the Career Compensation Act of 1949, was aware that the standard schedule of rating disabilities in use by the Veterans Administration was subject to change. Despite this knowledge, it was careful to provide for periodic reevaluation of disabilities and disability ratings of those whose names are on the TDEL. The guide designated to be used in the re-evaluation of disability ratings was the schedule for rating disabilities in use at the time of *1080 determination. Therefore, it is considered that the Congress intended the status of members whose names are on the TDRL to be ambulatory and subject to change occasioned by either (1) a change in their physical condition, (2) a change in the knowledge concerning the nature of their physical condition, or (3) a change in the schedule designated to be used as a guide to determine the percentage of rating properly assignable for their disability.
The evidence presented by petitioner relating to his physical condition on J anuary 2, 1959, and his inability to qualify physically for certain types of employment since his discharge from the naval service does not relate to a fact in existence at the time of final action in his case. Accordingly, it is not considered to be newly discovered evidence within the meaning of paragraph 0705 (b) (1), DSM. The records of this case disclose no clerical mistake, mathematical miscalculation, mistake of law, or fraud. The records of this case and this petition reveal no ground upon which relief from final action may be granted.
5. The recommendation of the Physical Review Council is approved and the petition for relief from final action in this case is denied.
By direction of the Secretary of the Navy: /s/ Judge Advocate General of the Navy.
22. By a petition dated January 2, 1961, plaintiff again applied to the Board for Correction of Naval Records for corrective action. Plaintiff again asked that he be assigned 30 percent disability rating and placed on the retired list in lieu of his discharge. Plaintiff stated that he did not desire to appear before the Board; that he would be represented by counsel; and that he did not desire to have witnesses appear in person in support of his application.
23. The Veterans Administration, by rating decision dated June 16, 1961, reviewed and continued its 20 percent rating for plaintiff’s disability which had been assigned on October 28, 1959, and reviewed and continued on May 12, 1960.
24. Under date of J anuary 15,1962, the Chairman, Board for Correction of Naval Records, requested the Chief, Bureau of Medicine and Surgery, to furnish an advisory opinion as to whether the Veterans Administration rating schedule was properly applied in plaintiff’s case. It was further *1081 requested therein that plaintiff’s Veterans Administration records be consulted.
25. An advisory opinion of the Chief, Bureau of Medicine and Surgery, submitted to the Chairman,. Board for Correction of Naval Records, under date of March 21,1962, stated,, in part, as follows:
3. Petitioner’s name was placed on the temporary disability retired list on 1 November 1954 by reason of physical disability due to deafness, n.e.c., bilateral, perceptive type, cause unknown, and his disability rating was 30% under VA Code 6263. At the time of being placed on the TDKL the audiogram air conduction readings were as follows:
Range_ 250 500 1000 2000 8000
Right ear_ 15 25 SO 45 65
Left ear_ 15 25 40 50 60 loss in decibels.
In August 1958 Nolte had his final periodic physical examination and his case was subsequently presented to a physical evaluation board. The PEB made a recommended finding of 20% disability rating under VA Code 6292 in accordance with the VA Schedule for Rating Disabilities. At the time of his separation in 1958, the audiogram air conduction readings were as follows:
Range_ 250 500 1000 2000 8000
Right Ear_ 15 25 30 45 65
Left Ear_ 15 25 40 50 60 loss in decibels.
5. The Veterans Administration records in Mr. Nolte’s case reveal that he has had several audiograms conducted subsequent to his discharge from the Naval Service. None of the examinations revealed an increase in decibel loss sufficient to increase his disability rating. On 14 April 1959 he was awarded a 20% rating from the Veterans Administration.
6. After a review of petitioner’s records, and in view of the foregoing, this Bureau is of the opinion that petitioner’s disability was properly rated at 20 percentum under the VA Schedule for Rating Disabilities in effect at the time of the determination. It is recommended that petitioner’s claim be denied.
26. By letter dated May 22, 1962, plaintiff was furnished a copy of the advisory opinion of the Chief, Bureau of Medicine and Surgery, dated March 21, 1962, and was ad *1082 vised by the Board for Correction of Naval Becords that a preliminary examination of his Naval record and a review of the material he submitted failed to establish a sufficient basis for further action by the Board; and that in the absence of additional material evidence, no further action on plaintiff’s application was contemplated.
27. Based on an audiometric examination conducted by the Veterans Administration on August 1, 1962, plaintiff’s Veterans Administration rating was changed to 40 percent by Bating Decision dated August 16, 1962, effective from August 1,1962.
28. By letter dated December 10,1962, plaintiff’s attorney requested the Board for Correction of Naval Becords to reopen and reconsider plaintiff’s case. By letter dated December 13, 1962, plaintiff’s attorney was advised that in the absence of new and material evidence not previously considered, the Board contemplated no further action in the matter.
CoNCLTJSION OE Law
Upon the foregoing findings of fact and opinion, which are adopted by the court and made a part of the judgment herein, the court concludes as a matter of law that plaintiff is not entitled to recover and the petition is dismissed.

The opinion, findings of fact and recommended conclusion of law are submitted under tie order of reference and Rule 57 (a).
1 § 1210. Members on temporary disability retired list: periodic physical examination; final determination of status
(a) A physical examination shall be given at least once every 18 months to each member of the armed forces whose name is on the temporary disability retired list to determine whether there has been a change in the disability for which he was temporarily retired. * * *
(b) The Secretary concerned shall make a final determination of the case of each member whose name is on the temporary disability retired list upon the expiration of five years after the date when the member’s name was placed on that list. If, at the time of that determination, the physical disability for which the member’s name was carried on the temporary disability retired list still exists, it shall be considered to be of a permanent nature.
*****
(e) If, as a result of a periodic examination under subsection (a), or upon a final determination under subsection (b), it is determined that the member’s physical disability is less than 30 percent under the standard schedule of rating disabilities in use by the Veterans’ Administration at the time of the determination, and if he has less than 20 years of service computed under section 1208 of this title, his name shall be removed from the temporary disability retired list and he may be separated under section 1203 or 1206 of this title, whichever applies.
*****

 The following facts were not in dispute and were stipulated by the parties in pretrial conference.

 The Veterans Administration Code No. 6292 was for the same condition covered by Veterans Administration Code No. 626,3, referred to in paragraphs 5 and 6.